# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.    : | **CASE NO. 1:19-CR-172** |
| : | (Judge Hogan) |
| **ANTHONY M. REID,**   : | |
| : | |
| **Defendant**   : | |

## DEFENDANT'S MOTION IN LIMINE

COMES NOW the defendant, Anthony M. Reid, by Gregory B. English, his court-appointed attorney, and hereby moves this court for an order precluding the prosecution from cross-examining the defendant about the following prior convictions which were described in his Pre-trial Service Report dated June 5, 2019 and at page 1 of the Government's Memorandum in support of Pre-trial Detention (Document 7):

I. 2017 – assault consummated by a battery in violation of Article 128, Uniform Code of Military Justice (hereinafter "UCMJ").

II. 2016 – disorderly conduct in violation of Article 134, USMJ.

Both of these prior convictions constitute misdemeanors as defined by FRE 609 and are not admissible.

FRE 609(a)(2) governs the admissibility of the misdemeanors. Such crimes can be used for impeachment only if they involved "...an act of dishonesty or false statement by the witness." Simple assault and disorderly conduct simply do not qualify under this rule. We note that under the UCMJ the Article 128 offense of assault consummated by a battery is punishable by a maximum sentence of six months of confinement. The Article 134 offense of disorderly conduct is punishable by a maximum of four months of confinement. As a result, these offenses are misdemeanors because the maximum penalty is not over one year as required by FRE 609(a)(1).

Moreover, as the United States Supreme Court decided in the case of <u>Argersinger v. Hamlin</u>, 407 U.S. 25 (1972), military summary court martials verdicts are not considered to be convictions because the accused is not afforded a right to counsel. This conclusion is reinforced by USSG §4A1.2(a)(g) which states as follows:

> Sentences imposed by a summary court-martial or Article 15 proceedings are not counted.

Accordingly, there is no question that these prior military offenses are not admissible to impeach the accused if he elects to testify.

Because the convictions themselves are not admissible, the prosecution should be precluded from deducing the fact that Mr. Reid received a bad conduct discharge from the United States Marine Corps since that was the sentence in an inadmissible proceeding.

We further contend that the Prosecution should be precluded from producing evidence that Mr. Reid was interacting with the alleged victim in this case because she was representing him on an appeal of a court martial conviction. The jury is not entitled to learn this information. We suggest that the basis of their attorney-client relationship simply would be described as a "legal matter".

                        Respectfully submitted,

                        /signed/

                        Gregory B. English, DC Bar #398564
                        The English Law Firm, PLLC
                        601 King Street, Suite 406
                        Alexandria, Virginia  22314
                        (703) 739-1368 / Fax (703) 836-6842
                        *Counsel for Defendant*
                        gbeuva@gmail.com

## Certificate of Service

I hereby certify that on the 25th day of June, 2019, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

>AUSA Karla-Dee Clark
>karla.deeclark@usdoj.gov

>/signed/
>Gregory B. English, DC Bar #398564
>The English Law Firm, PLLC
>601 King Street, Suite 406
>Alexandria, Virginia  22314
>(703) 739-1368 / Fax (703) 836-6842
>*Counsel for Defendant*
>gbeuva@gmail.com